*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MI,

                    Plaintiff-Appellant,

v

GRACE CHRISTIAN REFORMED CHURCH OF
GRAND RAPIDS, CHRISTIAN REFORMED
CHURCH IN NORTH AMERICA, CHRISTIAN
REFORMED CHURCH IN NORTH AMERICA
FOUNDATION, CHRISTIAN REFORMED
WORLD MISSIONS OF THE UNITED STATES,
RAISE UP GLOBAL MINISTRIES, and
RESONATE GLOBAL MISSION,

                    Defendants-Appellees.

FOR PUBLICATION
July 14, 2026
2:17 PM

No. 373022
Kent Circuit Court
LC No. 24-007856-NO

Before: REDFORD, P.J., and WALLACE and LIEVENSE, JJ.

LIEVENSE, J.

Plaintiff appeals by right the trial court's order granting defendants' motion for summary disposition under MCR 2.116(C)(7) and dismissing her case. At issue is whether to apply the statute of limitations in MCL 600.5851b(1)(a) to plaintiff's civil sexual abuse claims that were not time-barred when the statute was enacted in 2018. For the reasons that follow, we reverse the trial court's order and remand for further proceedings.

## I. FACTUAL BACKGROUND

Plaintiff filed a civil complaint raising sexual abuse claims against defendants Christian Reformed Church in North America, Christian Reformed Church in North America Foundation, Christian Reformed World Missions of The United States, Raise Up Global Ministries, and Resonate Global Mission (collectively CRCNA) and defendant Grace Christian Reformed Church of Grand Rapids. CRCNA filed a dispositive motion for summary disposition under MCR 2.116(C)(7) in lieu of answering plaintiff's complaint. Grace Christian Reformed Church joined

-1-

in the motion. Thus, for purposes of the motion and on appeal, this Court accepts the allegations in plaintiff's complaint as true, and they are summarized as follows.

The complaint alleges, in 2006, when she was about three years old,[1] plaintiff was sexually abused by Roger J. Wagenmaker, a then-deacon at Grace Christian Reformed Church, while attending church services. Next, from late 2006 to early 2007, when plaintiff was about four years old, an older child sexually abused plaintiff while they were both on a mission trip sponsored by CRCNA to Guinea in West Africa. Plaintiff likewise alleges that, in general, this abuse occurred despite church leadership being aware of child sexual abuse occurring in the church and on mission trips and not preventing the abuse. At the time, because plaintiff was a minor, she had until she turned 19 to file suit. See MCL 600.5851(1).

In 2018 (when plaintiff was about 15), Michigan enacted MCL 600.5851b. See 2018 PA 183. Subsection (1)(a) of that statute extended the statute of limitations for an individual who, while a minor, was "the victim of criminal sexual conduct" to when "the individual reaches the age of 28 years."

Plaintiff's memories of her abuse were suppressed until September 2020, when she was 17 years old. At that time, plaintiff began recovering the memories of sexual abuse through psychotherapy. Plaintiff filed this lawsuit on August 12, 2024, when she was about 21 years old.

CRCNA moved for summary disposition on the ground that plaintiff's claims were barred by the statute of limitations. CRCNA argued that plaintiff's claims accrued in 2006 and 2007, the applicable statute of limitations was the one in effect when plaintiff's claims accrued, and that the statute of limitations was either three years (under the version of MCL 600.5805(10) in place in 2006-2007) or when she turned 19 years old due to the grace period provided for minors under MCL 600.5851(1) (one year after turning 18), and she did not file suit until she was 21. CRCNA also argued that MCL 600.5851b did not apply to claims that accrued before the statute was enacted, citing *McLain v Roman Catholic Diocese of Lansing*, 514 Mich 1; 22 NW3d 284 (2024). Grace Christian Reformed Church joined in CRCNA's motion. Plaintiff opposed the motion.

The trial court held a hearing and issued an order granting defendants' motions, relying on *McLain*. This appeal followed.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Sunrise Resort Ass'n, Inc v Cheboygan Co Rd Comm*, 511 Mich 325, 333; 999 NW2d 423 (2023). Defendants moved for summary disposition under MCR 2.116(C)(7). As explained in *Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010):

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless

---

[1] We do not know plaintiff's date of birth, so the references to her age at various points in time are estimates.

other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [Citations omitted.]

Questions of statutory interpretation and the application of a statute are also reviewed de novo. *Buhl v City of Oak Park*, 507 Mich 236, 242; 968 NW2d 348 (2021).

III. ANALYSIS

Plaintiff argues that her claims were timely under MCL 600.5851b(1)(a) because they were filed before she reached 28 years old. She also argues that the trial court failed to analyze her claims under this statutory provision and erred by relying on MCL 600.5851b(1)(b), a separate subsection. Plaintiff further argues that *McLain* is distinguishable because, unlike the plaintiff in *McLain*, her claims had not expired when MCL 600.5851b was enacted. Before addressing the merits of these arguments, we first discuss *McLain* and its bearing on this appeal.

A. MCL 600.5851b AND *MCLAIN*

MCL 600.5851b provides:

(1) Notwithstanding sections 5805 and 5851, an individual who, while a minor, is the victim of criminal sexual conduct may commence an action to recover damages sustained because of the criminal sexual conduct at any time before whichever of the following is later:

(a) The individual reaches the age of 28 years.

(b) Three years after the date the individual discovers, or through the exercise of reasonable diligence should have discovered, both the individual's injury and the causal relationship between the injury and the criminal sexual conduct.

(2) For purposes of subsection (1), it is not necessary that a criminal prosecution or other proceeding have been brought as a result of the conduct or, if a criminal prosecution or other proceeding was brought, that the prosecution or proceeding resulted in a conviction or adjudication.

(3) Regardless of any period of limitation under subsection (1) or sections 5805 or 5851, an individual who, while a minor, was the victim of criminal sexual conduct after December 31, 1996 but before 2 years before the effective date of the amendatory act that added this section may commence an action to recover damages sustained because of the criminal sexual conduct within 90 days after the effective date of the amendatory act that added this section if the person alleged to have committed the criminal sexual conduct was convicted of criminal sexual

conduct against any person under section 520b of the Michigan penal code, 1931 PA 328, MCL 750.520b, and the defendant admitted either of the following:

(a) That the defendant was in a position of authority over the victim as the victim's physician and used that authority to coerce the victim to submit.

(b) That the defendant engaged in purported medical treatment or examination of the victim in a manner that is, or for purposes that are, medically recognized as unethical or unacceptable.

(4) This section does not limit an individual's right to bring an action under section 5851.

(5) As used in this section:

(a) "Adjudication" means that term as defined in section 5805.

(b) "Criminal sexual conduct" means that term as defined in section 5805.

In *McLain*, the plaintiff alleged that he was sexually assaulted by a priest in 1999, when he was about 16 years old. *McLain*, 514 Mich at 3 n 1, 8. In 2020, the plaintiff determined that the criminal sexual conduct was a factor in several medical diagnoses, and he brought suit in 2021 when he was in his 30s. *Id*. at 8. While the statute of limitations for his claims had expired in about 2003 or 2004, he alleged his claims were timely under MCL 600.5851b(1)(b) because they were filed within three years of when he "discovered" a causal link between his injuries and the criminal sexual conduct, which occurred after the statute's enactment. *Id*. at 8-9.

Our Supreme Court in *McLain* therefore addressed whether MCL 600.5851b(1)(b) created a discovery rule to toll the accrual date of civil claims based on allegations of criminal sexual conduct against minors for statute of limitations purposes, and whether MCL 600.5851b(1)(b) applies retroactively "to resuscitate lapsed claims premised on past acts of criminal sexual conduct." *McLain*, 514 Mich at 7.

On the first issue, *McLain* held that MCL 600.5851b(1)(b) "is an unmistakable statutory codification of a discovery rule," it did "not simply extend the statute of limitations an additional three years," and instead "it changes the date from which the three-year period begins to run." *Id*. at 17. *McLain* contrasted Subsection (1)(b) with Subsection (1)(a), which it labeled "a straightforward extension of the statute of limitations because it extends the time for a minor to file an action . . . ." *Id*.

As to retroactivity, *McLain* considered whether Subsection (1)(b) "applies to plaintiff's claims in this case, given that the claims accrued and the statute of limitations had already expired under the relevant statutes that were previously in effect." *Id*. at 22.

*McLain* applied the legal framework set forth in *LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26, 38-39; 852 NW2d 78 (2014), to answer the retroactivity question. *Id*. at 24. Under *LaFontaine*, courts are to "keep four principles in mind":

-4-

First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event. Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute. [*Id.* at 38-39 (cleaned up).]

For the first principle, *McLain* found nothing in the plain language of MCL 600.5851b(1)(b) supporting retroactive application. *McLain*, 514 Mich at 24, 30. The second principle did not apply. *Id*. at 27-28. *McLain* declined to consider whether the third principle—whether "vested rights" were at issue—because doing so would have required resolving conflicting caselaw regarding whether defendants have a vested right in a statute of limitations defense that had not completely run. *Id*. at 28-29. Finally, *McLain* decided the fourth principle did not support retroactivity because plaintiff's claims had already expired under the prior statute of limitations. *Id*. at 29-30. *McLain* concluded that the "discovery rule in MCL 600.5851b(1)(b) does not apply retroactively to revive limitations periods that have already expired." *Id*. at 30.

This overview of *McLain* reveals how it differed from the present case. *McLain* was a discovery rule case under MCL 600.5851b(1)(b), whereas plaintiff here does not invoke that subsection of the statute to argue her claims are timely. Indeed, the plaintiff in *McLain* was more than 28 years old when he filed his lawsuit, so MCL 600.5851b(1)(a) did not apply. *Id*. at 8-10. Further, the *McLain* plaintiff's claims had long expired when MCL 600.5851b was enacted in 2018, therefore he was seeking to "resuscitate" or "revive" already-lapsed claims, something *McLain* emphasized repeatedly. *Id*. at 30 (holding that "the discovery rule in MCL 600.5851b(1)(b) does not apply retroactively to revive limitations periods that have already expired"). That is not the case here.

Thus, while this Court is bound by our Supreme Court's decisions, *Kennedy v Robert Lee Auto Sales*, 313 Mich App 277, 298 n 14; 882 NW2d 563 (2015), the principles of stare decisis do not apply when the facts of a subsequent case are distinguishable. *Mich Ambulatory Surgical Ctr v Farm Bureau Ins Co of Mich*, 334 Mich App 622, 626; 965 NW2d 650 (2020), citing *In re Houghten's Estate*, 310 Mich 613, 617-618; 17 NW2d 774 (1945). As a result, *McLain* is not dispositive here.

B. MCL 600.5851b(1)(a) APPLIES TO CAUSES OF ACTION THAT WERE ACTIVE WHEN THE STATUTE WAS ENACTED

Next, we address whether MCL 600.5851b applies to plaintiff's complaint. There is no dispute here that, due to their subject matter, plaintiff's claims accrued in 2006 or 2007 "at the time the wrong upon which the claim is based was done regardless of the time when damage results," and that "the period of limitations runs from the time the claim accrues." MCL 600.5827. The date of the wrong is "the date on which the defendant's breach harmed the plaintiff, as opposed to the date on which defendant breached his duty." *Frank v Linker*, 500 Mich 133, 150; 894 NW2d 574 (2017) (citation and quotation marks omitted). Our Supreme Court has held that claims of sexual assault accrue when the assault occurs, and "[s]ubsequent damage arising after the initial

assaults would not give rise to a new cause of action or renew the running of the limitation period." *Lemmerman v Fealk*, 449 Mich 56, 64; 534 NW2d 695 (1995). Also, the default rule is that "the applicable statute of limitations is the one in effect when the plaintiff's cause of action arose." *Rzadkowolski v Pefley*, 237 Mich App 405, 411; 603 NW2d 646 (1999); MCL 600.5869.

At the time plaintiff was assaulted in 2006-2007, the applicable statute of limitations was three years. See MCL 600.5805(10) as amended by 2002 PA 715; *Lemmerman*, 449 Mich at 64. However, because plaintiff was a minor when her claims accrued, the limitations period did not expire until she turned 19 years old around 2022 under MCL 600.5851(1).

Plaintiff filed her lawsuit in 2024, when she was 22 years old. That fact does not end the analysis, however, because in 2018, when she was 15 years old, MCL 600.5851b was enacted. In general, amended statutes are to be applied prospectively. *Davis v State Employee' Retirement Bd*, 272 Mich App 151, 155; 725 NW2d 56 (2006); *McLain*, 514 Mich at 23. But not always. If MCL 600.5851b(1)(a) applies to her claims, then she would have had until she reached age 28 to file suit.

*LaFontaine*, 496 Mich at 38-39, "remains the guiding framework for assessing whether a modified statute applies retroactively." *Spine Specialists v MemberSelect Ins* Co, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket No. 165445); slip op at 12. However, our Supreme Court in *Spine Specialists* provided courts with more guidance on how to apply the *LaFontaine* framework:

> Though often labeled as the "*LaFontaine* factors," this description is somewhat misleading—even if our own caselaw frequently uses it. The term "factors" may imply a balancing test or the weighing of competing elements, but retroactivity analysis is not about balancing interests. Instead, the so-called "factors" are better understood as discrete principles or considerations, each of which independently informs the retroactivity inquiry. For instance, clear legislative intent for retroactivity would be decisive, while in other cases, a statute's mere reference to past events may be irrelevant if it disrupts vested rights. Referring to these principles as "factors" may incorrectly imply that all must be balanced or equally considered in every case. In reality, only the applicable principles need to be assessed, and any one may be dispositive, obviating the need to address the others. [*Spine Specialists*, ___ Mich at ___; slip op at 12.]

With this guidance in mind we consider the *LaFontaine* principles. The first principle—whether there is specific language providing for retroactive application—is difficult to apply here. *LaFontaine*, 496 Mich at 38. *McLain* held that, with respect to a different subsection, "[n]othing in the plain language of [MCL 600.5851b(1)(b)] suggests that it was intended to apply retroactively." *McLain*, 514 Mich at 24 (quotation marks and citation omitted).

*McLain*, however, considered whether the statute could revive an expired claim. It did not involve Subsection (1)(a)'s effect on an active claim. *McLain*, 514 Mich at 24-25. Moreover, *McLain* concluded that Subsection (1)(a) acts as an extension to the applicable statute of limitations. Specifically, the Court found that the Legislature "intended to allow minor victims of criminal sexual conduct to bring a cause of action . . . by the time they turn 28 (an extension of the otherwise applicable statute of limitations)[.]" *Id*. at 19.

-6-

This statement of legislative intent regarding Subsection(1)(a) is important. "Statutes which operate in furtherance of a remedy already existing and which neither create new rights nor destroy existing rights are held to operate retrospectively, unless a contrary legislative intention is manifested." *Selk v Detroit Plastic Prods*, 419 Mich 1, 10; 345 NW2d 184 (1984). Thus, in the same way "[t]he minority/insanity tolling provision of MCL 600.5851(1) extends the time for filing suit by tolling an otherwise applicable statute of limitations," *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 208; 815 NW2d 412 (2012), MCL 600.5851b(1)(a) does nothing more than extend the time a plaintiff has to file claims related to criminal sexual conduct. *McLain*, 514 Mich at 19.

Also, a contrary legislative intent as to active claims is not apparent from Subsection(1)(a)'s text even in light of *McLain*'s analysis. Here, at the time the statute was enacted in 2018, plaintiff qualified as "an individual who, while a minor, *is* the victim of criminal sexual conduct," because her cause of action was still active when Subsection (1)(a) went into effect. MCL 600.5851b(1) (emphasis added). Thus, the first *LaFontaine* principle is not dispositive.

The second *LaFontaine* principle, that "in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event," means that " '[m]erely because some of the requisites for its application are drawn from a time antedating its passage does not constitute a law retrospective[.]' " *McLain*, 514 Mich at 27-28, quoting *Andary v USAA Cas Ins Co*, 512 Mich 207, 250-251; 1 NW3d 186 (2023). We find little reason to apply this factor here because, much like Subsection (1)(b), Subsection (1)(a) does not "relate to measuring the amount of entitlement provided by a subsequent statute in part by services rendered pursuant to a prior statute . . . ." *McLain*, 514 Mich at 28 (quotation marks and citations omitted); *Spine Specialists*, ___ Mich at ___; slip op at 15. Moreover, Subsection (1)(a) "does not refer to an antecedent event that occurred before the statute's passage, such as by relying on or referring to a previous statutory period of limitations." *McLain*, 514 Mich at 28 (discussing Subsection (1)(b)), citing MCL 600.5851b(3).

The last two *LaFontaine* principles are related, with the fourth "establish[ing] the corollary to the general proscription found in" the third. *In re Certified Questions*, 416 Mich 558, 575; 331 NW2d 456 (1982). The third principle " 'emphasizes [the Supreme Court]'s general disdain for retrospective laws because they can 'impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past.' " *Andary*, 512 Mich at 252, quoting *LaFontaine*, 496 Mich at 39. On the other hand, the fourth principle recognizes that "a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute." *LaFontaine*, at 39-40. "A statute is remedial or procedural in character if 'it is designed to correct an existing oversight in the law or redress an existing grievance[.]' " *Davis*, 272 Mich App at 158-159, quoting *Aztec Air Serv, Inc v Dep't of Treasury*, 253 Mich App 227, 233; 654 NW2d 925 (2002). Put another way, the third principle "and the cases thereunder define those retrospective situations that are not legally acceptable," whereas the fourth principle defines situations in which retroactive application is legally acceptable. *In re Certified Questions*, 416 Mich at 572.

Thus, where applying a law like this one that simply extends the limitations period as to past conduct, while the claim is still viable, and does not have any effect on vested rights such as by reviving an expired claim, application of the law would comport with *LaFontaine*. Indeed, it has been "recognized that, in many situations, a court should apply the law in effect at the time it

renders its decision, . . . even though that law was enacted after the events that gave rise to the suit." *Landgraf v USI Film Prod*, 511 US 244, 273; 114 S Ct 1483; 128 L Ed 25 229 (1994) (quotation marks and citation omitted). That is because "[w]hen an intervening statute authorizes or affects the propriety of prospective relief, application of the new provision is not retroactive." *Id*. The fourth *LaFontaine* factor embodies this principle, *LaFontaine*, 496 Mich at 38-39, and has been followed under Michigan law. *In re Certified Questions*, 416 Mich at 575-576 (applying new comparative negligence statute to claims that arose preenactment).

There is conflicting caselaw on whether statutes of limitation are procedural or remedial, or substantive, such that they can be applied to earlier conduct.[2] But our consideration of the fourth principle in this case does not require a formal determination of whether all statutes of limitation are procedural or remedial. Instead, here we hold that Subsection (1)(a) was remedial in nature for minors whose claims accrued before they reached the age of majority and were still active. The statute "did not create a new cause of action—the conduct was already actionable." *McLain*, 514 Mich at 22-23. Nor did it "invalidate a defense which was good when the statute was passed." *Johnson v Pastoriza*, 491 Mich 417, 433-434; 818 NW2d 279 (2012) (quotation marks and citation omitted). Simply put, defendants had no vested rights in a statute of limitations defense involving active claims when the statute was enacted.[3] *Bessemertnaja v Schwager*, 191 Mich App 151, 154; 477 NW2d 126 (1991) ("[T]he right to defeat a claim by interposing a statute of limitations is not a vested right"); *Evans Prods Co v Fry*, 307 Mich 506; 541-545; 12 NW2d 448 (1943). See also *People v Russo*, 439 Mich 584, 594-595; 487 NW2d 698 (1992) ("There is no vested right in the running of a statute of limitation except when it has completely run and the action is barred."); *Gorte v Dep't of Transp*, 202 Mich App 161, 167; 507 NW2d 797 (1993) (same).

Meanwhile, MCL 600.5851b(1)(a) acts to extend the time to file for a minor who "is the victim of criminal sexual conduct" to age 28. *McLain*, 514 Mich at 22. Subsection (1)(a) simply enlarged the time by which a minor with an active claim could file a claim related to sexual abuse.

---

[2] Compare *People v Russo*, 439 Mich 584, 596-597; 487 NW2d 698 (1992) ("In Michigan, statutes of limitations are generally regarded as procedural and not substantive in nature."); *Hansen-Snyder Co v Gen Motors Corp*, 371 Mich 480, 485; 124 NW2d 286 (1963) ("[S]tatutes related to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of a remedy or confirmation of rights already existing, do not come within the legal conception of retrospective law, or the general rule against retrospective operation of statutes.") with *Davis*, 272 Mich App at 151 ("In the context of the 'procedural' exception, statutes of limitations, while generally coined as procedural, necessarily affect substantive rights where causes of action can be lost entirely because the action is time-barred."); *Spine Specialists*, ___ Mich at ___; slip op at 10-11 (holding that the "presumption for prospective application is especially true when retroactive application would impose a new liability or take away a defense that was valid before the law changed") (citation omitted).

[3] Unlike in *McLain*, which would have had to address conflicting caselaw on whether defendant had a vested right in a statute of limitations defense because the limitations period had run, *McLain*, 514 Mich at 28-29, here the statute of limitations never expired. As a result, even if there can be a "vested right" in a statute of limitations defense, defendants in this case never had one.

See *Landgraf*, 511 US at 273 ("When the intervening statute authorizes or affects the propriety of prospective relief, application of the new provision is not retroactive.").

Thus, the *LaFontaine* principles support extending the applicable limitations period provided in Subsection (1)(a) to claims that were active when it was enacted.

One final consideration supports our conclusion that a claimant like plaintiff with active claims can proceed under Subsection (1)(a)'s extended limitations period. Courts look to "the object of the statute, the harm which it is designed to remedy, and apply a reasonable construction which best accomplishes the statute's purpose." *Russo*, 439 Mich at 595. In *Russo*, our Supreme Court considered whether the six-year limitations period to bring criminal sexual conduct charges involving a minor victim could be extended by a subsequently-passed law that permitted charges "within 6 years after the commission of the offense or by the alleged victim's twenty-first birthday, whichever is later." *Id*. The prosecution argued that the "extended limitation period applies to those offenses that were committed before the amendment, but were not yet time-barred under the previous statute of limitations." *Id*. at 591.

The *Russo* Court agreed, applying the new limitations period enacted after the criminal sexual conduct, but before the prior limitations period expired. *Id*. at 593-594 (relying on the fact that "the statute of limitations defense was not available to the defendant at the time the assaults were committed or at the time the amendment became effective" to conclude that the defendant had no right to a particular limitation period). A panel of this Court had previously come to the same conclusion in another criminal sexual conduct case involving the same statute of limitations extension. See *People v Chesebro*, 185 Mich App 412, 419; 463 NW2d 134 (1990) (holding that a "[d]efendant did not acquire a vested right in a statute of limitations defense until the period in fact expired").

The same is true here for this case in the civil context because, regardless of whether defendants can have a vested right in a statute of limitations defense, defendants never acquired such a right because the limitations period had not yet expired for plaintiff's claims. Under *Russo*, a revised statute of limitations can be applied to preamendment criminal sexual conduct that was not time-barred when the new statute was enacted. The consequences of *Russo* were potential criminal penalties and the loss of liberty for the defendant. The same result applies in civil cases like this one where defendants' rights are not impaired because plaintiff's claims were active in 2018 when Subsection (1)(a) was enacted, which was three years before defendants had any potential right to invoke a statute of limitations defense because plaintiff was just 15 years old in 2018.

Like in *McLain*, plaintiff's claims here would not survive if they already had been barred when the new statute went into effect. See *Chesebro*, 185 Mich App at 419 ("Had the charge against defendant already been barred under the existing statute at the time the amendment became effective, we would indeed have a different situation before us."). We are unpersuaded that the statute's purpose—to broaden child sexual abuse victims' access to civil remedies—was to be reserved for acts occurring after the statute's effective date or for acts of abuse not yet committed. *Russo*, 439 Mich at 597.

## IV. CONCLUSION

We therefore hold that the trial court erred by ruling that *McLain* barred plaintiff's claims without applying MCL 600.5851b(1)(a) to her claims that were active when the statute was enacted, that MCL 600.5851b(1)(a) applies to plaintiff's claims, and as a result they were not barred by the statute of limitations. We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Andrew J. Lievense
/s/ James Robert Redford
/s/ Randy J. Wallace